UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    CASE NO. 00-352L
                                      ELDON E. FALLON
CARLOS WALKER,                        U.S. DISTRICT JUDGE

    Defendant.
_____/

MOTION TO CLARIFY JUDGMENT AND COMMITTMENT
ORDER PURSUANT TO RULE 36, Fed.R.Crim.P.

**COMES NOW**, the defendant, CARLOS WALKER, (hereinafter "defendant"), pro se and respectfully requests of this Honorable Court, that the Court clarify an omission in the Judgment and Committment Order, in the above captioned and numbered case, of June 20, 2001. Specifically, the Court omitted the schedule according to which, the restitution portion of the Judgment and Committment Order is to be paid while in the custody of the Federal Bureau of Prisons, (hereinafter "BOP"), pursuant to Title 18 U.S.C. §3664(f)(2). In support of this motion, the defendant states the following:

(1)

The defendant was indicted August 23, 2000, charging violations of 18 U.S.C. §2113(A) and 18 U.S.C. §924(c) and §2.

(2)

The defendant plead guilty, pursuant to a written plea agreement, to the indictment in March 2001.

(3)

The defendant was sentenced by this Honorable Court on June 20, 2001; as to Counts 1 and 3, 63 months imprisonment, five (5) years supervised release, and restitution to the victims in the amount of $47,123.17; as to Count 2, 60 months imprisonment (to be served consecutive to Counts 1 and 3), and five (5) years supervised release (to be served concurrent to the supervised release ordered in Counts 1 and 3). In addition, a special assessment of $100 per count was imposed as to all counts for a total of $300.

(4)

At the sentencing hearing of June 20, 2001, the Court omitted a critical portion of the restitution order, specifically, the schedule according to which the restitution is to be paid while in the custody of the BOP; as specifically mandated by 18 U.S.C. §3664(f)(2).

(5)

Title 18 U.S.C. §3664(f)(2) states in pertinent part that:

> "Upon determination of the amount of restitution owed to each victim, the Court shall, pursuant to section 3572, specify in the restitution order, the manner in which, and <u>the schedule according to which the restitution is to be paid...</u>" (emphasis added).

18 U.S.C. §3664(f)(2).

(6)

The Court, by failing to specify a payment schedule for the restitution to be paid, has inadvertently delegated to the BOP, the fashioning of the restitution schedule. This is in

direct conflict with the Congressional intent of the statute and circuit precedent. See: United States v. Prouty, 303 F.3d 1254 (11th Cir. 2002), ("We [the Court] agree with this reading of the language of the statute and hold that the MVRA precludes the District Court from delegating duties expressly delineated in the statute). See also: United States v. McGlothlin, 249 F.3d 783 (8th Cir. 2001) (MVRA requires the District Court to set a detailed payment schedule at sentencing ); United States v. Coates, 178 F.3d 681 (3rd Cir. 1999) (Explaining that the Constitution and MVRA forbid district court from delegating authority to set payment schedule); cf: United States v. Hayes, 135 F.3d 133, 139 (2nd Cir. 1998) (crediting district court with recognizing, regardless of whether MVRA or predecessor statute governed, that it must fix restitution schedule). (emphasis added).

(7)

The Court, in its Judgment and Committment Order, made the restitution "due and payable immediately." Immediately prior to this statement, the Court found that the defendant was indigent and unable to pay a fine. Thus, there is some uncertainty in the record about what the district court intended. In the government's view, the district court clearly ordered the defendant to pay restitution immediately and did not delegate authority to the BOP or to the probation office to establish a payment schedule (as evidenced by the fact that the Court took the step of setting an actual repayment schedule of $200 per month upon release from prison), but nonetheless recognized that, as a practical matter,

3

the BOP and the probation office would arrange for the restitution to be paid over time. The <u>Mandatory Victims Restitution Act</u>, ("MVRA") provides:

> "A restitution order may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments."

18 U.S.C. §3664(f)(3)(A).

The MVRA also states that:

> "The court shall, pursuant to section 3572, specify in the restitution order, the manner in which, and the schedule according to which, the restitution is to be paid."

18 U.S.C. §3664(f)(2).

Section 3572 in turn provides that:

> "[i]f the [restitution] order [] permits other than immediate payment, the length of time over which scheduled payments will be made <u>shall be set by the court</u>..."

18 U.S.C. §3572(d)(3) (emphasis added).

(8)

Subsequent to the Court's sentencing order, the defendant has been remanded to the custody of the BOP. The defendant is currently located at the Federal Correctional Complex in Yazoo City, Mississippi.

(9)

On or about January 2005, the defendant had his semi-annual meeting with his Unit Team. (Unit Team consists of a Case Manager, Unit Manager, and Counselor). As said meeting, the topic of restitution payment pursuant to the Inmate Financial Responsibility Program ("IFRP") was raised by the defendant's counselor Charles

4

Barnes. It was Counselor Barnes contention that the Court's ~~Judgment and Committment Order empowers them [the BOP] with~~ unilateral decision making authority, with regards to setting a payment schedule for the restitution order. This, of course, is patently absurd and is in direct conflict with the aforementioned statutory references and case law. Counselor Barnes made the decision, unilaterally, to order the defendant to pay $80 per month towards the restitution amount.

(10)

The defendant is currently employed as a compound worker and earns $5.25 per month. The remaining $74.75 of the BOP's IFRP demand is to be compensated by "outside" sources, i.e., family and friends.

(11)

This Court is empowered to make corrections as a result of omission or clerical error pursuant to Rule 36 of the Federal Rules of Criminal Procedure. Rule 36 states:

> "After giving any notice it considers appropriate, the court may at any time correct a clerical error in the judgment order, or other part of the record, or correct an error in the record arising from oversight or omission."

In conclusion, the defendant asks that this Honorable Court will issue an Order clarifying the Judgment and Committment Order of this Court, to specify a payment schedule for the restitution portion of his sentence, which is appropriate for present income level, understanding that the Court may modify the payment schedule, at any time, as justice requires pursuant to 18 U.S.C. §3664(k). By entering said Order, the Court will not be modifying or changing

5

any of the material substance of the Judgment and Committment Order, but rather, clarifying a specific portion of it, putting it in harmony with the statutory provisions and case law previously cited.

**WHEREFORE**, IT IS PRAYED, that this Honorable Court will, forthwith, enter an Order GRANTING the defendant's Motion for Clarification of the Restitution Order pursuant to Rule 36, Fed.R.Crim.P.

>  Respectfully submitted,
>
>  */s/ Carlos Walker*
>  Carlos Walker
>  Reg. No. 27300-034
>  F.C.C. Yazoo City Low
>  Post Office Box 5000
>  Yazoo City, MS  39194-5000

## CERTIFICATE OF SERVICE

I, Carlos Walker, Reg. No. 27300-034, hereby certify that a true and correct copy of the foregoing "Motion to Clarify Judgment and Committment Order pursuant to Rule 36, Fed.R.Crim.P.," has been sent, via First Class U.S. Mail to: The Office of the United States Attorney for the Eastern District of Louisiana, Hales Boggs Building, 501 Magazine Street, New Orleans, Louisiana 70130, on this <u>22nd</u> day of March 2005.

BY: _/s/ Carlos Walker_
Carlos Walker
Reg. No. 27300-034
F.C.C. Yazoo City
P.O. Box 5000
Yazoo City, MS  39194-5000



Carlos Walker
Reg. No. 27300-034
F.C.C. Yazoo City Low
Post Office Box 5000
Yazoo City, Mississippi    39194-5000

LEGAL MAIL
28 CFR §543.11(d)(1)

United States District Court
Eastern District of Louisiana
ATTN: Clerk of the Court
500 Camp Street
New Orleans, Louisiana  70130